1  KIBLER FOWLER & CAVE LLP
   Matthew J. Cave (SBN 280704)
2  mcave@kfc.law
   Kevin C. Kroll (SBN 301532)
3  kkroll@kfc.law
   11100 Santa Monica Blvd., Suite 360
4  Los Angeles, California 90025
   Telephone:   (310) 409-0400
5  Facsimile:    (310) 409-0401

6  *Attorneys for Plaintiff*
   *Zachary Tuch*

7

8

9

10                **UNITED STATES DISTRICT COURT**

11       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13  ZACHARY TUCH, an individual,          CASE NO. 2:23-cv-03256

14            Plaintiff,                  **COMPLAINT FOR:**

15       v.                              **1.  DECLARATORY RELIEF**
                                          **2.  ACCOUNTING**
16  SEDONA SCHAT, an individual;
    NOAH YOO, an individual; ELEKTRA      **DEMAND FOR JURY TRIAL**
17  RECORDS, LLC, a Delaware limited
    liability company; and DOES 1 through
18  10, inclusive,

19            Defendants.

20

21

22

23

24

25

26

27

28

---

COMPLAINT

## COMPLAINT

Plaintiff Zachary Tuch p/k/a Zach Tuch ("Plaintiff"), demanding trial by jury, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff is an accomplished producer, mixer, and mastering engineer who has worked on various types of music from Alternative Rock to Hardcore.

2.     As a producer, Plaintiff offers artists ideas to help better each song by providing an informed outside perspective.

3.     As a mixer, Plaintiff works with artists to create music that has character, clarity, and depth that best represents each artist's music. Plaintiff aims to accomplish a well-rounded sound with large low end and modern presence.

4.     Plaintiff has over a decade of experience as an engineer. He trained in production at New York University's prestigious Clive Davis Institute of Recorded Music and has run sessions at renowned studios such as Dave Grohl's Studio 606 and The Village. He also studied mastering (together with Defendant Noah Yoo) with engineer Alan Silverman.

5.     Plaintiff's education and training allow Plaintiff to create final products that are easily accessible in any listening setting, and that have competitive loudness and tonal balance.

6.     Cafuné is an American indie pop duo consisting of Defendants Sedona Schat ("Schat") and Noah Yoo ("Yoo").

7.     Cafuné released songs entitled "Friction" and "Tek It" in 2019. "Tek It" went viral on TikTok in 2022.

8.     Shortly after "Tek It" went viral, Cafuné was signed to Elektra Records.

9.     Schat and Yoo attended NYU's Clive Davis Institute at the same time as Plaintiff. They were classmates—in a small, intimate program—and subsequently became friends. Schat and Yoo kept in touch with Plaintiff after graduation.

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

10.     Following the success of "Tek It," Schat, Yoo and Plaintiff would get together in Los Angeles for dinner, drinks, and to catch up and celebrate their shared success on "Tek It."

11.     As described in detail below, Plaintiff jointly created "Tek It" and "Friction" (together, the "Works") with Cafuné. Despite his unique and creative contributions to the Works—not to mention the parties' history and friendship—Cafuné refuses to acknowledge, credit, or compensate Plaintiff as a joint author and copyright owner in the Works, thereby forcing Plaintiff to bring this action.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over Plaintiffs' copyright claims under 28 U.S.C. §§ 1331, 1332, and 1338.

13.     The amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), not including interest and costs.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(a) because the claims arise in this Judicial District and the Defendants transact business in this Judicial District.

## PARTIES

15.     Plaintiff is, and at all relevant times was, a resident of Los Angeles County. Plaintiff works from his private studio in Los Angeles, California.

16.     On information and belief, Defendant Sedona Schat is, and at all relevant times was, a resident of New York County. Schat is a singer-songwriter and producer for Cafuné, which regularly conducts business in Los Angeles County.

17.     On information and belief, Defendant Noah Yoo is, and at all relevant times was, a resident of New York County. Yoo is a producer and songwriter for Cafuné, which regularly conducts business in Los Angeles County.

18.     On information and belief, Elektra Records, LLC is, and at all relevant times was, a Delaware limited liability company that regularly conducts business in Los Angeles County. Among other connections, on information and belief, Elektra's

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025
KF&C

artists and repertoire representative lives and operates in this Judicial District. Schat and Yoo are signed to Elektra Records as Cafuné.

19.     Defendants Does 1 through 10 are sued by fictitious names as their true names are currently unknown to Plaintiffs. Plaintiffs will seek leave to amend this complaint to allege the true identities of these Defendants when the same have been ascertained.

20.     Plaintiff is informed and believes that at all relevant times, all Defendants were the agents and/or co-conspirators of their co-defendants, and in doing the things hereinafter alleged, were acting within the course and scope of their authority as those agents and/or co-conspirators and with the permission and consent of their co-defendants.

## FACTUAL ALLEGATIONS

21.     Schat and Yoo reached out to Plaintiff, their friend and former classmate at NYU, in August 2019 for help contributing to a couple of songs, which were subsequently released with the titles "Friction" and "Tek It" (together, the "Works").

22.     In addition to mixing the Works, Plaintiff made substantial unique and creative contributions to the Works. Specifically, Plaintiff contributed the following:

A.     Plaintiff added approximately 497 MIDI notes, which he individually placed and aligned by hand to create MIDI instrument cymbal sounds. The velocities of these MIDI notes were also adjusted by hand to supplement the dynamics of the original cymbal hits. The image below reflects Plaintiff's additions.

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025



B.      Plaintiff added four samples to the kick drum, some of which Plaintiff performed, recorded and processed himself before working on the Works. Plaintiff mixed the four samples together with the original kick drum performance using Steven Slate Trigger to create a new sonically distinct sound.

C.      Plaintiff added two samples to the snare drum, some of which Plaintiff performed, recorded and processed himself before working on the Works. Plaintiff mixed the two samples together with the original snare drum performance using Steven Slate Trigger to create a new sonically distinct sound.

D.      Plaintiff added four samples to the rack tom drum, some of which Plaintiff performed, recorded and processed himself before working on the Works. Plaintiff mixed the four samples together with the original rack tom drum using Steven Slate Trigger to create a new sonically distinct sound.

E.      Plaintiff added four samples to the floor tom drum, some of which Plaintiff performed, recorded and processed himself before working on the Works. Plaintiff mixed the four samples together with the original floor tom drum using Steven Slate Trigger to create a new sonically distinct sound.

F.      Plaintiff also added "room" samples to give the four drum shells more depth and a more lively feel. The kick drum has one room sample

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

performed, recorded and processed by Plaintiff. The snare drum has one room sample performed, recorded and processed by Plaintiff. The rack tom drum has one room sample performed, recorded and processed by Plaintiff. And the floor tom drum has one room sample performed, recorded and processed by Plaintiff. The image below reflects all eight instances of samples:



G.     On each chorus of each song, Plaintiff took the lead vocal and pitched it down an octave, then used the result as a harmony to add depth. The image below reflects these additions.



23.     In sum, Plaintiff added his own sounds—from his own independent works—to the Works. Despite Plaintiff's significant contributions, Cafuné refuses to acknowledge, credit, or compensate Plaintiff as a joint author and copyright owner in the Works.

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

1      24.    Yoo thanked Plaintiff in writing for making the Works sound "so

2 different" and "so open" with what Plaintiff "added." Yoo also told Plaintiff the

3 success of "Tek It" "[w]ould not have happened without you my guy!"

4      25.    Schat also thanked Plaintiff in writing for "making tek it slap," and

5 noted that Cafuné was "indebted to you [Plaintiff]."

6      26.    With the success of "Tek It," Jenny Kaufman, Cafuné's manager,

7 confirmed to Plaintiff that "all ships rise" and "a win for one is a win for us all."

8      27.    A sampling of messages acknowledging Plaintiff's significant

9 contributions to the Works follow.




Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16   28.   In 2022, "Tek It" went viral on Tik Tok, introducing millions of user-

17   listeners to the song and Cafuné, making the song a staple of the platform and being

18   used in thousands of other user-generator's videos.  Additionally, almost six million

19   listeners per month listen to "Tek It" on Spotify.

20   29.   "Tek It" was certified gold and then platinum. With each certification,

21   Yoo allowed Plaintiff to post on social media, tagging @wearecafune, to jointly

22   celebrate and promote their success. Cafuné also agreed to purchase for Plaintiff

23   (but has not done so yet) one plaque indicating the song's gold and platinum status,

24   and also to order for Plaintiff an additional three plaques.

25   30.   Schat and Yoo signed with Elektra Records in 2022 following the

26   remarkable success of "Tek It."

27
28

KF&C
Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

31.    Plaintiff paid for an ad out of his own pocket—using the band's cover art, with their permission—to promote "Tek It," after it had gone viral. Elektra Records subsequently requested that Plaintiff take the ad down, for which Yoo and Schat apologized to Plaintiff.



32.    Since creating the Works, Cafuné also requested from Plaintiff an instrumental version of "Tek It," as well as stems prepared for Dolby Atmos Mix, which Plaintiff provided without charging his co-authors.

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

33.     Despite the remarkable success of Cafuné and, in particular, "Tek It," Defendants refuse to acknowledge, credit, or compensate Plaintiff, their friend, as a joint author and copyright owner in the Works.

## FIRST CAUSE OF ACTION

### Declaratory Judgment of Copyright Ownership of "Tek It"

### (Against Defendants Schat and Yoo)

34.     All previous allegations are realleged and incorporated herein by reference.

35.     As a result of Plaintiff's substantial unique and creative contributions to "Tek It," Plaintiff is a joint copyright owner of the work pursuant to United States copyright laws.

36.     Specifically, the Copyright Act, 17 U.S.C. § 101, et seq. (the "Act") recognizes the rights of authors of joint works. According to the Act, a "joint work" is one "prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." Each author automatically acquires an undivided ownership in the entire work including any portion of it. The Act, at 17 U.S.C. § 201(a), provides that "the authors of a joint work are co-owners of copyright in the work."

37.     Defendants Schat and Yoo are the owners of record of the copyright for "Tek It." Defendants dispute that Plaintiff is a joint copyright owner of the work and refuse to acknowledge, credit, or compensate Plaintiff as a joint author of the work.

38.     A declaration of rights is necessary and appropriate at this time so that Plaintiff may ascertain his rights and duties with respect to Defendants, and with respect to any third parties who may claim an interest in the copyright for "Tek It."

## SECOND CAUSE OF ACTION

### Declaratory Judgment of Copyright Ownership of "Friction"

### (Against Defendants Schat and Yoo)

39.     All previous allegations are realleged and incorporated herein by

reference.

40.     As a result of Plaintiff's substantial unique and creative contributions to "Friction," Plaintiff is a joint copyright owner of the work pursuant to United States copyright laws.

41.     Specifically, the Copyright Act, 17 U.S.C. § 101, et seq. (the "Act") recognizes the rights of authors of joint works. According to the Act, a "joint work" is one "prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." Each author automatically acquires an undivided ownership in the entire work including any portion of it. The Act, at 17 U.S.C. § 201(a), provides that "the authors of a joint work are co-owners of copyright in the work."

42.     Defendants Schat and Yoo are the owners of record of the copyright for "Friction." Defendants dispute that Plaintiff is a joint copyright owner of the work and refuse to acknowledge, credit, or compensate Plaintiff as a joint author of the work.

43.     A declaration of rights is necessary and appropriate at this time so that Plaintiff may ascertain his rights and duties with respect to Defendants, and with respect to any third parties who may claim an interest in the copyright for "Friction."

## THIRD CAUSE OF ACTION

### Accounting for "Tek It"

### (Against All Defendants)

44.     All previous allegations are realleged and incorporated herein by reference.

45.     Plaintiff is a co-owner of the copyright for "Tek It" and, as such, is entitled to an equal share of all profits (royalties, license fees, etc.) from the exploitation of the copyright, and an accounting to determine such profits.

46.     Plaintiff is unable to ascertain the amount of profits earned from "Tek

It." An unknown balance is due to Plaintiff that cannot be ascertained without an accounting.

47.     Accordingly, Plaintiff requests that the Court order Defendants to provide an accounting for the profits earned from "Tek It."

## FOURTH CAUSE OF ACTION

### Accounting for "Friction"

### (Against All Defendants)

48.     All previous allegations are realleged and incorporated herein by reference.

49.     Plaintiff is a co-owner of the copyright for "Friction" and, as such, is entitled to an equal share of all profits (royalties, license fees, etc.) from the exploitation of the copyright, and an accounting to determine such profits.

50.     Plaintiff is unable to ascertain the amount of profits earned from "Friction." An unknown balance is due to Plaintiff that cannot be ascertained without an accounting.

51.     Accordingly, Plaintiff requests that the Court order Defendants to provide an accounting for the profits earned from "Tek It."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

a.     Declaratory relief;

b.     Injunctive relief;

c.     An accounting;

d.     Reasonable attorneys' fees;

e.     Costs of this action;

f.     Pre- and post-judgment interest; and

g.     Any other and further relief that the Court deems just and proper.

Dated:  April 28, 2023                     KIBLER FOWLER & CAVE LLP


                                    By:    /s/ Matthew J. Cave
                                           Matthew J. Cave
                                           Kevin C. Kroll
                                           *Attorneys for Plaintiff*
                                           *Zachary Tuch*

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Plaintiff Zachary Tuch hereby demands a trial by jury.

3

4

Dated:  April 28, 2023                    KIBLER FOWLER & CAVE LLP

5

6

7

By: _____*/s/ Matthew J. Cave*_____

8

Matthew J. Cave
Kevin C. Kroll

9

*Attorneys for Plaintiff*
*Zachary Tuch*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14